Filed 12/3/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re I.I. et al., Persons Coming Under the Juvenile Court Law. | B298184 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. M.I., Defendant and Appellant; I.I. et al., Minors, Respondents. | (Los Angeles County Super. Ct. No. 19CCJP01193) |

APPEAL from an order of the Superior Court of Los Angeles County, Martha A. Matthews, Judge. Affirmed.

Megan Turkat-Schirn, under appointment by the Court of Appeal, for Defendant and Appellant M.I.

Mary C. Wickham, County Counsel, Kristine P. Miles, Assistant County Counsel, and Sarah Vesecky, Deputy County Counsel, for Plaintiff and Respondent Los Angeles County Department of Children and Family Services.

Neale Gold, under appointment by the Court of Appeal, for Respondents I.I. and M.I., Jr., Minors.

———————————————————

Appellant M.I. (Father) challenges the juvenile court's jurisdictional order and findings that his children, I.I. (born in 2016) and M.I., Jr. (born in 2017) (the Minors), are persons described by Welfare and Institutions Code section 300, subdivision (f),[1] based on the juvenile court's previously sustained petition finding that the Minors' mother, R.R. (Mother), and Father caused the death of a child through abuse or neglect. Father argues that, because the court found there was no current risk to the children, the court erred in finding that the Minors were persons described under section 300, subdivision (f). As we explain, the court is required to sustain a petition and assert jurisdiction if the facts described in section 300, subdivision (f) exist. And because it was uncontroverted that, in the earlier case, the juvenile court had found Mother and Father caused the death of their child through abuse or neglect, the court did not err in asserting jurisdiction here. Accordingly, we affirm.

---

[1] All statutory references are to the Welfare and Institutions Code.

2

## FACTUAL AND PROCEDURAL BACKGROUND[2]

The family consisted of Father, Mother, the Minors, the Minors' siblings (twins Ad.R. and A.R. (born in 2010) (collectively the twins)) and the Minors' half siblings, R.V. (born in 2006), S.V. (born in 2007), and S.R. (born in 2013).[3]

### A.    *Prior Child Welfare History*

In the summer of 2010, Mother gave birth to the twins. In November 2010, Los Angeles County Department of Children and Family Services (DCFS) received a referral that Mother had taken the four-month-old twins to the hospital and that medical personnel had determined they were suffering from injuries consistent with Shaken Baby Syndrome. DCFS investigated and filed a juvenile dependency petition on behalf of the twins and their half siblings, R.V. and S.R., under section 300, subdivisions (b), (e), and (f), alleging that the twins were suffering from severe brain injuries consistent with nonaccidental trauma and that all four children were at substantial risk of harm based on the twins' injuries. Twin Ad.R. died in 2011 as a result of his injuries.

---

[2] Because Father's only contention is whether the court properly asserted jurisdiction, we recite only the facts necessary to the resolution of that contention.

[3] Neither Mother nor the Minors' half siblings are parties to the appeal. R.R. is the Mother of all of the children. Appellant is the father of the Minors and the twins. Mother was previously married to R.V., Sr., who is the father of two of the Minors' half siblings, R.V. and S.V., and is not a party to this appeal. The father of half sibling S.R. is deceased.

The court detained the children from the parents.[4]  The court subsequently sustained the petition, continued the foster care placement of the twin, A.R., and ordered reunification services for the family.[5]  Mother and Father failed to reunify with A.R. In 2014, their parental rights to A.R. were terminated, and the foster parents adopted A.R.

## B.    *Current Proceedings*

The parents ended their relationship.  Thereafter, Mother had a relationship with another man, which resulted in the birth of half sibling, S.R., in 2013.  Mother and Father subsequently reunited, and the Minors, I.I. in 2016 and M.I. in 2017, were born as a result of that relationship.  The parents, the Minors, and half sibling S.R. lived together.  Half siblings R.V. and S.V. periodically stayed with them.

On November 28, 2018, the family came to the attention of DCFS again when DCFS received a referral alleging that Mother took two-year-old I.I. to the emergency room because she had a vaginal rash.  Although the examining physician suspected that the child had vaginal herpes and thus was a possible victim of sexual abuse, subsequent examinations revealed that a yeast infection caused the rash and that the child had no signs of abuse. DCFS found no safety issues with the children other than the concern relating to the earlier sustained petition.

The juvenile court granted DCFS's request for an order authorizing the removal of the children.  On February 22, 2019, DCFS filed a petition under section 300, subdivisions (b), (f), and (j), on behalf of the Minors and their half siblings.  The petition alleged

---

[4] R.V. and S.V. were placed with their father.

[5] Here, Father does not challenge that the prior dependency findings concerning the twins are binding in the current proceeding.

identical counts under each subdivision that: In November 2010, Mother physically abused the children's now deceased four-month-old sibling Ad.R. by violently shaking the child and causing severe brain injuries; that Father knew of Mother's abuse and failed to protect Ad.R.; that parental rights to twin A.R. had been terminated; and that Mother's and Father's physical abuse of the twins and their failure to protect placed the children at risk of serious physical harm.

At the February 25, 2019 detention hearing, the juvenile court found a prima facie case for asserting jurisdiction based on the findings of the earlier case and ordered the children released to their respective parents. In April 2019, DCFS filed a jurisdiction/disposition report. DCFS assessed that the children were at risk of substantial future harm because of the family's prior child welfare history. DCFS recommended that the juvenile court declare all the children dependents of the court, remove them from parental custody, and order reunification services and monitored visits for the parents.

In April 2019, at the combined jurisdiction/disposition hearing, the court found there was no evidence that any of the children subject to the current petition had been abused or neglected or were, independent of the findings of the earlier petition, at current risk of abuse or neglect. Nonetheless, the court determined that under section 300, subdivision (f), it was required to sustain the petition if "the child's parents or guardian caused the death of a child through abuse or neglect." And, because the court found that in the earlier action Mother and Father had caused the death of Ad.R. through abuse and neglect, it sustained the petition, asserted jurisdiction over all the children, declared S.R. and the

5

Minors dependents of the court, maintained them in parental custody, and ordered Mother and Father to participate in services.[6]

Father timely appealed.

## DISCUSSION

Father argues that the juvenile court erred in concluding that it was required to sustain the section 300, subdivision (f) allegation in the petition.[7]  He maintains the dependency court had the discretion to dismiss the section 300, subdivision (f) allegation and should have done so because there was no evidence that the Minors had been abused or neglected or were at risk of harm based on the sustained allegations in the prior proceeding involving the twins. As we explain, the juvenile court correctly understood the extent of its legal authority and properly exercised it.

Section 300 provides in pertinent part:  "A child who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge that person to be a dependent child of the court:  [¶] . . . [¶]  (f) The child's parent or guardian caused the death of another child through abuse or neglect." (§ 300, subd. (f).)  The California Supreme Court in *In re Ethan C.* (2012) 54 Cal.4th 610, recognized, inter alia, that section 300, subdivision (f) does not require evidence or findings that the particular circumstances of the child's fatality demonstrate a current risk of substantial harm to surviving children in the parent's care.  (*In re Ethan C., supra,* 54 Cal.4th at pp. 637–639.)

---

[6] As to siblings, R.V. and S.V., the court terminated the case as to them with a home-of-parents order.  The propriety of the orders concerning R.V. and S.V. have not been challenged on appeal.

[7] Father challenges only the court's jurisdiction order; he has not asserted any errors with respect to the court's disposition orders.

6

The Court in *In re Ethan C.* acknowledged that the Legislature has determined that if section 300, subdivision (f) facts exist, that is risk enough to warrant jurisdiction. (See *In re Ethan C., supra,* at p. 638 [observing that section 300, subdivision (f) reflects that a parent's "neglectful or abusive responsibility for a child fatality may inherently give rise to a serious concern for the current safety and welfare of living children under the parent's . . . care, and may thereby justify the juvenile court's intervention on their behalf without the need for separate evidence of findings about the current risk of such harm" (italics omitted)].) Thus, even in the absence of evidence of actual harm or current or future risk of harm to surviving children, the juvenile court must sustain the petition if it finds the section 300, subdivision (f) facts exist. (See *In re Ethan C., supra,* at pp. 637–639.)

Father's argument to the contrary conflates the requirement under section 300 that the court asserts jurisdiction if it finds a section 300, subdivision (f) allegation true, with the court's discretion to adjudge the minor a dependent of the court under section 360. Where, as here, there is uncontroverted evidence to support the allegation, the court's decision to find a section 300, subdivision (f) allegation to be true, and establish jurisdiction is not discretionary; the court is required to assert jurisdiction. (§ 300.) At the dispositional phase of the proceedings, however, the court has discretion to adjudge the minor a dependent of the court and to enter dispositional orders. (See § 360, subd. (d) ["if the court finds that the child is a person described by Section 300, it *may* order and adjudge the child to be a dependent child of the court" (italics added)]; see also *In re Ethan C., supra,* 54 Cal.4th at p. 637.)

7

Here, the record discloses the court understood the statutory scheme and *In re Ethan C.* Accordingly, Father has not demonstrated legal error concerning the court's order sustaining the section 300, subdivision (f) allegation and exercising its jurisdiction over the Minors.

**DISPOSITION**

The order is affirmed.

<u>CERTIFIED FOR PUBLICATION</u>.

ROTHSCHILD, P. J.

We concur.

JOHNSON, J.

WEINGART, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.